Rosen, Kantrow & Dillon, PLLC
Proposed Attorneys for the Debtor
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                             Chapter 11

        919 PROSPECT AVE LLC,                    Case No.: 16-13569-scc

                   Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL RULE 1007

STATE OF NEW YORK    )
                            ) ss:
COUNTY OF NEW YORK  )

      Seth Miller, being duly sworn, deposes and states as follows:

      1.      I am a member of 919 Prospect Ave LLC, debtor and debtor-in-possession (the "Debtor") in this Chapter 11 case, and as such I have personal knowledge of the statements contained herein.  I submit this affidavit pursuant to Rule 1007 of the Local Bankruptcy Rules for the Southern District of New York.

      2.      On December 22, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

      3.      There are no pending bankruptcy case filings by Debtor.

      4.      Debtor is a New York limited liability company, with its corporate office located at 2 West 45th Street, New York, New York.  Debtor is a non-public company and none of its shares are registered under Section 12 of the Securities Exchange Act of 1934.  I hold and own a one hundred percent (100%) interest in Debtor.

      5.      Debtor is not a small business within the meaning of Section 105(51D) of the Bankruptcy Code.  Debtor's principal asset is located at and is commonly known as 919 Prospect

Avenue, Bronx, New York (the "Property"). Debtor's filing of its Chapter 11 was precipitated by the costs and difficulties in completing significant repairs and improvements on the units in this multi-family dwelling. Prior to the Petition Date, the Debtor was embroiled in an action commenced by disgruntled tenants of the building. The tenants were attempting to block the Debtor's efforts to complete major repairs that would inure to the tenants' benefit. Despite the work undertaken by the Debtor, pre-petition, the tenants were attempting to undermine the Debtor's work. This is a single asset real estate matter.

6.      There is no pre-petition unsecured creditors committee, nor has a post-petition committee been appointed to date. The Debtor has filed a list of the 20 largest unsecured claims, excluding insiders, including the name, address and the amount of the claim, and an indication of whether such claims are contingent, unliquidated, disputed or partially secured.

7.      As previously noted, Debtor's assets consists of its ownership of the Property with a present anticipated fair market value of $5,000,000. At this time, the extent of the Debtor's total liabilities are unknown.

8.      Debtor's principal asset is located in Bronx, New York. Currently, its books and records, as well as its principal place of business are located at its corporate offices in New York County, New York. Debtor does not have any assets outside the territorial limits of the United States.

9.      Debtor's assets and secured liabilities have been included on Debtor's Schedules, which have been filed with the Court.

10.     During the next thirty days, the Debtor anticipates that it will have income in the approximate amount of $40,000.

11.     During the next thirty days, the Debtor anticipates that it will have expenses in the approximate amount of $75,000.  The Debtor's principal shall fund any shortfall the Debtor experiences.

12.     With regard to the pending civil court proceedings, the Debtor notes that it has removed, to this Court, the action commenced by various tenants seeking to interfere with, and disrupt, the Debtor's ability to complete necessary repairs and to maintain the Real Property.  This interference, which resulted in the instant filing, is an attempt to prevent the Debtor from meetings its obligations to properly maintain the Real Property.  To that end, the Debtor believes that this Court can make the necessary determinations that will allow the Debtor to continue to make the necessary repairs and allow this Debtor to emerge from chapter 11.

13.     Should the tenants be allowed to continue to interfere with the Debtor's operations, it will harm not only the estate and the creditors herein, but it shall result in harm to the tenants, the very same parties seeking to harm the Debtor.  The Debtor does not understand why the tenants would engage in such harmful behavior.  However, the Debtor suspects that the tenants may have other, more nefarious reasons for maintaining suit against the Debtor.  It is troubling that the Urban Justice Center, representing the tenants in the Bronx civil court action, would go to such lengths to ensure the demise of the Debtor, and cause harm to themselves at the same time.  Under the circumstances, in an effort to preserve the value of the Debtor's asset for the benefit of its creditors, and to attempt to remedy the difficulties facing the tenants, the Debtor has sought the protection of this Court.

S/Seth Miller
Seth Miller
Managing Member

Sworn to before me this
10th day of January, 2017

s/ Avrum J. Rosen
AVRUM J. ROSEN
Notary Public, State of New York
No. 02RO4872542
Qual. in Suffolk County
Comm. Exp. Sept. 8, 2018