# AP. TEK RESTORATION INC.

80-02 Astoria Boulevard,     East Elmhurst, NY 11370,     E-mail; aptek2010@yahoo.com
Tel: (718) 565-6100                                        HIC Lic: 1182624

To The Honorable John P. Mastando III, United States Bankruptcy Judge

My name is Shan Bhutta, president of AP. TEK RESTORATION INC., a Claimant in the matter of 919 Prospect Ave LLC, Chapter 11, Case No.: 16-13569.

On September 1, 2020, docket entry 237, a Stipulation and Order was entered into between myself, on behalf of AP. Tek Restoration, Inc. and the debtor, 919 Prospect Ave LLC.

As per the terms of the stipulation, $140,000.00 was to be paid by the debtor to my attorney, Michael Rabinowitz of Rabinowitz, Galina & Rosen with $50,000 being held in escrow pending issuance of approvals from DOB of work done.

The debtor satisfied their obligation and paid $140,000 to my attorney, however, almost four years later, I have still not collected the remaining $53,820.00. My attorney does not respond to any of my calls or emails. I am at a loss and do not know how to proceed.

I write this letter and have brought it to the courthouse to file on the docket with hopes that something can be done to force my attorney to release the $53,820.00 owed to my company.
Thank you.

Shan Bhutta

80-08 24th Ave East Elmhurst, NY 11370

Cell: (917) 559-2107

RECEIVED JUL 2 4 2024 U.S BANKRUPTCY COURT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                                                    Chapter 11

    919 PROSPECT AVE LLC,                               Case No. 16-13569-scc

                        Debtor.
------------------------------------------------------x

## STIPULATION AND ORDER

       This Stipulation and Order (the "Stipulation") is made by and between 919 Prospect Ave LLC, the post-confirmation debtor (the "Reorganized Debtor") and AP. TEK Restoration Inc. ("Claimant") (the Reorganized Debtor and the Claimant, collectively referred to as the "Parties"). The Reorganized Debtor, by and through its undersigned counsel, and the Claimant, by and through its undersigned counsel, agree to the facts and terms of the Stipulation as follows:

## RECITALS

       **WHEREAS**, on December 22, 2016, the Reorganized Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Southern District of New York (the "Bankruptcy Court"); and

       **WHEREAS**, on January 26, 2017, the Bankruptcy Court entered an Order directing the United States Trustee (the "UST") to appoint a Chapter 11 Trustee; and

       **WHEREAS**, the UST appointed Ian Gazes as Chapter 11 Trustee of the Reorganized Debtor's bankruptcy estate; and

       **WHEREAS**, on October 3, 2018, the Bankruptcy Court entered an Order confirming the Reorganized Debtor's Amended Joint Plan of Reorganization; and

       **WHEREAS**, on May 9, 2019, the Claimant filed an administrative proof of claim, which is docketed on the Bankruptcy Court's Claim Register as Claim 13, in the amount of $224,749.00 (the "Claim"); and

       **WHEREAS**, on April 20, 2020, the Reorganized Debtor filed an objection to the Claim (the "Objection"); and

       **WHEREAS**, on April 27, 2020, the Claimant filed a response to the Objection; and

       **WHEREAS**, the Parties contacted each other in an effort to expeditiously and efficiently resolve the Claim; and

       **WHEREAS**, the Parties wish to avoid the uncertainties and expense of further litigating the Claim and to settle and compromise on the terms set forth below; it is therefore

**AGREED BY AND BETWEEN THE PARTIES AND SO ORDERED THAT:**

1. <u>Recitals Incorporated</u>. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full, and made a part of this Stipulation.

2. <u>Settlement Consideration</u>. The Claim is hereby resolved and the Parties agree to as follows:

   a. The Claim shall be reduced to be in the total amount of $140,000.00.

   b. The Reorganized Debtor will pay to the Claimant's attorney the total amount of $140,000.00 in three (3) monthly installments (the "<u>Installment Payments</u>") as follows:

      i. The first Installment Payment will be in the amount of $46,666.67 and will be due to the Claimant within five (5) business days after the entry of this Stipulation; and

      ii. The second Installment Payment will be in the amount of $46,666.67 and will be due to the Claimant by September 15, 2020; and

      iii. The third and final Installment Payment will be in the amount of $46,666.66 and will be due to the Claimant by October 15, 2020.

      iv. These sums shall constitute Trust Funds pursuant to Article 3A of the New York Lien Law, and shall be released to sub-contractor'sin exchange for Mechanic's Lien waivers from each sub-contractors on the job site are delivered to the Reorganized Debtor's attorney. Upon payment of all sub-contractors, funds may be released to ApTek, except for $50,000.00 which shall remain in escrow pending issuance of the approvals of the work under the permit by DOB. The Reorganized Debtor shall submit any paperwork it seeks and obtains from Claimant withing fourteen (14) days to DOB from receipt of same.. Aptek shall pay BlueWater Plumbing its outstanding bill of $6,114.50  If during the time period covered by this Stipulation, any Mechanic's Liens are filed against the Property, if the Mechanic's Lien is not discharged or bonded within thirty (30) days, the Reorganized Debtor may pay the amount demanded in said lien and deduct same from the Settlement Amount; and

      v. Upon the payment of the full $140,000.00, pursuant to this Stipulation, the current Mechanic's Lien shall be discharged, with prejudice.

   c. The Claimant, through its principal(s), shall fully cooperate with the Reorganized Debtor in providing "sign-offs" and/or any and all authorizations on any open building permits with the New York City Department of Buildings and any other governmental agency which were part of the work set

2

forth in the contracts with the Operating Trustee and/or included in the Administrative Claim, as well as any required extensions to those permits at no additional cost to the Reorganized Debtor, except the Reorganized Debtor shall pay any fee to extend the time of the permit. .Specifically included is the permit that Claimant represented in court that it renewed but which actually lapsed, which was an Exhibit to its Administrative Proof of Claim. This cooperation shall include, but not be limited to: immediately providing all of the required lead paint remediation paperwork and affidavits needed to clear the lead paint violations Claimant was required to perform under the Contract; attending any inspections with NYC DOB inspectors on the work Claimant was responsible for under the Contract; and correcting any deficient work required by the NYC DOB inspectors for items under the contracts, at no additional cost to the Reorganized Debtor.

3.     Default. In the event that the Claimant fails to cooperate under the terms of the Stipulation, the Reorganized Debtor's time to make the Installment Payments shall be tolled without prejudice to the Reorganized Debtor until such time that the Claimant cooperates with the Reorganized Debtor. In the event that the Claimant does not cooperate with the Reorganized Debtor after the Claimant has received all three (3) Installment Payments, the Reorganized Debtor reserves all of its rights and remedies, and may seek to recover the Installment Payments in the amount of $140,000.00 from the Claimant.

4.     Bankruptcy Court Approval. This Stipulation is subject to the approval of the Bankruptcy Court.

5.     Modifications to the Stipulation. This Stipulation shall not be modified, altered, amended or vacated without the prior written consent of the Parties. Any such modification, alteration, amendment or variation in whole or in part shall be subject to approval of the Bankruptcy Court.

6.     Counterparts. This Stipulation may be executed in any number of counterparts and a signature by facsimile or any electronic means shall be sufficient to bind the Parties hereto.

7.     Construction. This Stipulation shall not be construed against the Party preparing it, but shall be construed as if all Parties jointly prepared this Stipulation without any uncertainty or ambiguity being interpreted against any one Party.

8.     Opportunity to Seek Advice. Each of the Parties acknowledges that it has had the opportunity to seek advice of independent legal counsel in connection with this Stipulation and that it understands the meaning of every term of this Stipulation and the consequences of signing this Stipulation.

9.     Entirety of Stipulation. This Stipulation represents the entirety of the understanding by and between the Parties.

3

10. <u>Successor and Assigns</u>. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

11. <u>Severability</u>. If any provision of this Stipulation or its application to any Party or circumstance is held invalid or unenforceable, the remaining provisions of this Stipulation and the application of such provisions to other Parties or circumstances shall not be affected thereby, the provisions of this Stipulation being severable in any such instance.

12. <u>Governing Law/Jurisdiction</u>. This Stipulation shall be governed by the laws of the State of New York, the Bankruptcy Code and the Bankruptcy Rules. The Parties acknowledge and agree that the Bankruptcy Court for the Southern District of New York shall have the exclusive jurisdiction over this Stipulation and that any claims arising out of related in any manner to this Stipulation shall be properly brought only before the Bankruptcy Court and consents to such Bankruptcy Court's power to hear and determine all such claims as a core proceeding.

13. <u>Costs and Expenses</u>. The Parties to this Stipulation agree to bear their own costs and expenses, including attorneys' fees arising out of this Stipulation.

14. <u>Acknowledgement of the Parties</u>. The person executing this Stipulation on behalf of each respective Party warrants and represents that he/she is authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

15. <u>Bankruptcy Court Retains Jurisdiction</u>. The Bankruptcy Court shall retain jurisdiction to resolve any disputes arising or related to this Stipulation, and to interpret, implement and enforce the provisions of this Stipulation.

| | |
|---|---|
| Dated: August 31, 2020<br>Huntington, New York | Dated: August 27, 2020<br>Mineola, New York |
| Rosen & Kantrow, PLLC<br>*Attorneys for the Reorganized Debtor* | Rabinowitz, Galina & Rosen<br>*Attorneys for the Claimant* |
| By: */s/ Avrum J. Rosen*<br>Avrum J. Rosen<br>38 New Street<br>Huntington, New York 11743<br>(631) 423-8527<br>arosen@rkdlawfirm.com | By: *S/ Michael M. Rabinowitz*<br>Michael M. Rabinowitz<br>94 Willis Avenue<br>Mineola, New York 11501<br>(516) 739-8222<br>mwitz@optonline.net |
| | By: s/ Shan Butta<br>Shan Butta<br>President<br>AP. TEK Restoration Inc. |

**SO ORDERED: August 31, 2020**

/S/ Shelley C. Chapman
Honorable Shelley C. Chapman
United States Bankruptcy Judge