**RABINOWITZ, GALINA & ROSEN**
**Attorneys at Law**
94 WILLIS AVENUE
MINEOLA, NEW YORK 11501
T. (516) 739-8222
F. (516) 739-8225

Michael M. Rabinowitz
Michael R. Galina (1963-2017)
Gayle A. Rosen (grosen@randglaw.net)
Lisa A. Gutman
Daniel P. Rabinowitz

August 28, 2024

**VIA ECF**
Hon. John P. Mastando III, USBJ
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re:  919 Prospect Ave LLC
     Docket No. 16-13569-SCC

Dear Judge Mastando:

We represent Claimant AP-Tek Restoration, Inc. ("AP") in the above-referred matter. We write to respectfully request an order relieving our firm as counsel for AP.

Pursuant to the Local Bankruptcy Rules for the Southern District of New York, Rule 2090-1, "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." "Whether cause exists to grant a motion to withdraw as counsel is in the discretion of the trial court . . . . In exercising that discretion, the court must consider (i) the reasons for withdrawal and (ii) the impact of the withdrawal on the timing of the proceeding." *In re Wiener*, Case No. 18-cv-13042, 2019 Bankr. LEXIS 1893, at *8 (Bankr. S.D.N.Y. June 21, 2019).

"New York's Rules of Professional Conduct . . . 'govern[] the conduct of attorneys in federal courts sitting in New York . . . .'" *Id.* at *9 (quoting *SEC v. Gibraltar Glob. Sec.*, Case No. 13-cv-2575, 2015 U.S. Dist. LEXIS 60937, at *6 (S.D.N.Y. May 8, 2015) (second alteration in original)).  The NYRPC "provide[s] guidance to courts in determining what constitutes 'good

cause' for granting a motion to withdraw as counsel." *Id.* The NYPRC allow for withdrawal from representing a client where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." NYRPC § 1.16(c)(7). "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Generale Bank v. Wassel*, Case No. 91-cv-1768, 1992 U.S. Dist. LEXIS 2001, at *1 (S.D.N.Y. Feb. 24, 1992). A motion to withdraw as counsel should be granted where "there is a fundamental breakdown of the trust required to maintain a working attorney-client relationship." *Casper v. Lew Lieberbaum & Co.*, Case No. 97-cv-3016, 1999 U.S. Dist. LEXIS 7779, at *14 (S.D.N.Y. May 24, 1999).

As evidenced by the July 24, 2024 letter filed by Shan Bhutta, President of AP, (Doc No. 272); and the undersigned's August 3, 2024 response (Doc No. 273), there is a breakdown of the attorney-client relationship such that we can no longer represent AP.

In short, Mr. Bhutta's misrepresentations to this Court statement, i.e. , that we refuse to release the escrowed settlement fund to him and that we have refused to communicate with him, demonstrate that breakdown.

At His Honor's request, further information and documents are available for *in camera* review.

In addition, withdrawal will not impact the timing of this proceeding. Upon information and belief, this matter remains pending due to the within underlying issue (Doc. 266 and 267).

Thank you for your consideration.

Very truly yours,

*/s/ Gayle A. Rosen*

Gayle A. Rosen


**RABINOWITZ, GALINA & ROSEN**
**Attorneys at Law**